UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


LARRY DALE JOHNSON,

       Plaintiff,

    v.

FEDERAL BUREAU OF PRISONS,
*et al.*,

       Defendants.

Civil No. 08-6017-HA

ORDER

HAGGERTY, District Judge:

      Plaintiff was previously required to file a final Opposition to defendants' Motion to

Dismiss Pursuant to Fed. R. Civ. P. 12(b)6 [17] and defendants' Motion to Dismiss Plaintiff's

Summary Judgment Motion [22].  Plaintiff's responsive pleading culminated in a proposed

"Amended Complaint" that incorporated a "Review of Denial of Workers Compensation Claim"

and "Civil Rights Complaint(s)."  *See* Response filed April 15, 2009 [28].


**ORDER  --  1**

The Ninth Circuit upholds a "policy of liberal construction in favor of *pro se* litigants." *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998). Litigants have a statutory right to self-representation in civil matters, *see* 28 U.S.C. § 1654 (1982), and are entitled to meaningful access to the courts. *Rand*, 154 F.3d at 957 (citing *Bounds v. Smith*, 430 U.S. 817, 823 (1977)); *Wolff v. McDonnell*, 418 U.S. 539, 579 (1974); *Johnson v. Avery*, 393 U.S. 483 (1969); *Hatfield v. Bailleaux*, 290 F.2d 632, 637 (9th Cir. 1961). "Consequently, we tolerate informalities from civil *pro se* litigants." *Id.* (citations omitted). The court construes a *pro se* plaintiff's pleadings liberally and affords a plaintiff the benefit of doubt. *See Karim-Panahi v. Los Angeles Police Dep't,* 839 F.2d 621, 624 (9th Cir. 1988).

This court liberally construes plaintiff's Response as a request for leave for plaintiff to file an Amended Complaint. In so doing, the court accepts plaintiff's tacit inference that his initial Complaint was insufficient to withstand defendants' pending dispositive motions.

Accordingly, the initial Complaint is DISMISSED. Defendants' motions to dismiss [17] and to dismiss plaintiff's summary judgment motion [22], and plaintiff's Motion for Summary Judgment [21], all pertain to a Complaint that is no longer of record, and are denied as moot.

Plaintiff's Response of April 15, 2009 [28] is construed as a Motion for Leave to File an Amended Complaint, and that motion is granted. Defendants' responsive filing to this Amended Complaint must be lodged no later than September 25, 2009.

The parties are advised that although the submissions from *pro se* litigants must be construed liberally, full consideration of the public's interest in expeditious resolution of litigation, the court's need to manage its docket, and the risk of undue prejudice to defendants,

**ORDER -- 2**

will compel the court to deny any subsequent motions for leave to file amendments without good cause in writing being shown.

Plaintiff is also advised of the following:

## NOTICE--WARNING

Your request for leave to advance an Amended Complaint has been granted. Defendants are likely to advance a motion by which they seek this Amended Complaint dismissed. A motion of this nature will, if granted, end your case. A district court may dismiss an action in accordance with well-taken motions for dismissal, as well as for a *pro se* party's failure to comply with Local Rules or the Federal Rules of Civil Procedure.

When a plaintiff has received adequate notice of a Complaint's deficiencies and has been given an opportunity to amend, a court may proceed with dismissal. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987). Additionally, if a *pro se* plaintiff has adequate notice of the insufficiencies of plaintiff's action at bar, the court need not grant leave to further amend *sua sponte*. *See Carter v. Commissioner*, 784 F.2d 1006, 1009 (9th Cir. 1986) (government's motion was sufficient notice that petitioner's *pro se* complaint was deficient).

## CONCLUSION

Plaintiff's initial Complaint is DISMISSED. Defendants' motions to dismiss [17] and to dismiss plaintiff's summary judgment motion [22], and plaintiff's Motion for Summary Judgment [21], all pertain to a Complaint that is no longer of record, and are all DENIED AS MOOT.

Plaintiff's Response of April 15, 2009 [28] is construed as a Motion for Leave to File an Amended Complaint, and that motion is GRANTED. That Amended Complaint is construed to

have been served on defendants.  Defendants' responsive filing to plaintiff Larry Dale Johnson's

Amended Complaint must be lodged no later than September 25, 2009.

IT IS SO ORDERED.

DATED this  __18__ day of August, 2009.


   ____/s/   Ancer L. Haggerty_____
           Ancer L. Haggerty
         United States District Judge

**ORDER  --  4**