UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


LARRY DALE JOHNSON,

        Plaintiff,

        v.

FEDERAL BUREAU OF PRISONS,
*et al.*,

        Defendants.

Civil No. 08-6017-HA

OPINION AND ORDER

HAGGERTY, District Judge:

    Plaintiff filed an Amended Complaint as an attachment to his responsive briefing to defendants' efforts to dismiss his initial complaint. That attachment [28] was construed by this court as a properly advanced Amended Complaint. *See* Order of August 18, 2009.

    Both parties have filed final dispositive motions. These motions are construed as fully briefed. The *pro se* plaintiff received appropriate warnings regarding the possible disposition of this action by Orders issued March 30, 2009 [26] and August 18, 2009 [30]. A summary reminder was issued on June 8, 2010.

**OPINION AND ORDER -1**

Plaintiff then filed his Motion for Summary Judgment [48], followed by a similar motion for summary judgment advanced by defendants. For the following reasons defendants' Motion for Summary Judgment [50] is granted, and plaintiff's motion is denied.

**BACKGROUND**

The following facts are derived from the record, and are either undisputed, or where possible, are construed in a light favorable to the non-moving party.

Plaintiff served as an inmate at the Federal Correctional Institution in Sheridan, Oregon, and was released from prison on December 28, 2004. On June 15, 2005, plaintiff filed a claim for inmate accident compensation, asserting that he suffered a work-related injury to his back on April 30, 2004. Defendant Bureau of Prisons (BOP) requested information about the injury from plaintiff, the prison, and also from plaintiff's physician. Defendants assert that the claimed injury was not documented, prompting denial of the claim.

Plaintiff appealed to the Inmate Accident Compensation Committee. The denial of the claim was confirmed. Plaintiff then appealed to the chief operating officer of the Federal Prison Industries. This appeal was denied on grounds that no information was found that supported the claim of plaintiff's injury on April 30, 2004. Moreover, defendants could locate no records that plaintiff sought administrative remedies related to the allegations in this lawsuit.

Plaintiff's Amended Complaint asserts the following:

1. a violation of plaintiff's "disability rights" under the Americans with Disabilities Act, the Rehabilitation Act, and the Eighth Amendment to the United States Constitution; Amended Complaint (AC) at 3-4;

**OPINION AND ORDER -2**

2.     a denial of plaintiff's "due process discovery rights," based on the failure of defendants to train or supervise their employees at the Inmate Accident Compensation System; AC at 4;

3.     a violation of the Privacy Act for failure to maintain accurate records; AC at 5; and

4.     negligence, medical malpractice and deliberate indifference regarding his medical condition. AC at 5-6.

Defendants seek summary judgment against these claims.

**STANDARDS**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

On summary judgment, the court must view the facts and draw inferences in the manner most favorable to the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact for trial, but it need not disprove the other party's case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256 (1986). Once the moving party meets its burden, the "adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see also Anderson*, 477 U.S. at 248-49.

**OPINION AND ORDER -3**

**ANALYSIS**

Construing plaintiff's allegations liberally, this court views plaintiff's Amended Complaint as advancing assertions regarding his dissatisfaction as to how defendants processed plaintiff's claims for injuries he suffered in a work activity assigned to him by defendants during his incarceration. Although plaintiff reconstructs his claims under a variety of legal theories (disability discrimination laws, constitutional violations, and negligence claims), the factual allegations for each claim arise from a common basis – plaintiff's alleged injuries while involved in a penal work program.

Federal prisoners seeking compensation for injuries sustained during penal employment are limited to the remedy provided by the Inmate Accident Compensation Act. 18 U.S.C. § 4126. The Supreme Court has recognized that the Act is the exclusive remedy for prisoners injured during penal employment. *United States v. Demko*, 385 U.S. 149, 151-54 (1966).

The Act provides two types of compensation for a federal inmate who suffers a work-related injury or improper medical treatment of a work-related injury. The first type of compensation is available only when an inmate is ready to be released from prison and reenter the workforce, and suffers a residual physical impairment as a result of the work-related injury. 28 C.F.R. §§ 301.101(a), 301.301-.319.

The second type of compensation is for an inmate's lost wages while he or she is prevented from doing a work assignment due to an injury. *Smith v. United States*, 561 F.3d 1090, 1098-99 (10th Cir. 2009) (citations omitted).

**OPINION AND ORDER -4**

Plaintiff's allegations involve a residual physical impairment arising from a prison-work-related injury. Under the applicable regulations, which require that a claim be filed no more than sixty days after an inmate's release, plaintiff's claim under the Inmate Accident Compensation System was untimely. 28 C.F.R. 301.303(f). The regulations also allow claims to be filed up to one year after an inmate's release, "for good cause shown." *Id*. Plaintiff has failed to present good cause for the delays in his claims.

Nevertheless, with the inherent caution that accompanies the liberal interpretation of claims from *pro se* prisoners in mind, this court examines each of plaintiff's claims. The claims are without merit.

### 1. Count One: Disability rights

Plaintiff first alleges that the BOP "deliberately failed to train or supervise" employees regarding the rights of disabled inmates. AC at 3. He complains that the "assignment of institutional work duties" caused physical and emotional harm. *Id*. Plaintiff asserts, in part, that this court has jurisdiction under the American with Disabilities Act (ADA). *Id*. at 4.

The ADA "forbids discrimination against persons with disabilities in three major areas of public life: employment, which is covered by Title I of the statute; public services, programs, and activities, which are the subject of Title II; and public accommodations, which are covered by Title III." *Tennessee v. Lane*, 541 U.S. 509, 516-517 (2004).

Title I does not apply to plaintiff because his claims do not concern actual employment, and he was not in an employment relationship with defendants. Title II excludes the federal government from its definitions of a "public entity." 42 U.S.C. § 12131(1). Title III does not

**OPINION AND ORDER -5**

include the Bureau of Prisons, or any other federal entity, among its exhaustive list of public accommodations operated by private entities within the coverage of that Title. 42 U.S.C. § 12181(7). Accordingly, the ADA is inapplicable to the BOP or its employees in this context.

Plaintiff also asserts the Rehabilitation Act (RA), 29 U.S.C. § 794, as grounds for exercising jurisdiction. AC at 4. To state a *prima facie* case under the RA, a plaintiff must demonstrate that (1) he or she is a person with a disability, (2) who is otherwise qualified for employment, and (3) who suffered discrimination because of his or her disability. *Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1058 (9th Cir. 2005). The ADA's standards of substantive liability are incorporated in the RA, and the ADA defines "disability" as: (A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual, (B) a record of such an impairment, or (C) being regarded as having such an impairment. *Walton v. U.S. Marshals Serv.*, 492 F.3d 998, 1005 (9th Cir. 2007) (citations omitted).

Plaintiff's allegations are insufficient to state a claim under the RA. His relationship with the BOP was as an inmate, not an employee, as it arose solely from the fact that plaintiff was convicted and sentenced to federal imprisonment in BOP's institution. The RA fails to provide plaintiff with any substantive rights in this context. *See Williams v. Meese*, 926 F.2d 994, 997 (10th Cir. 1991).

Plaintiff also refers to the Eighth Amendment to the Constitution as providing jurisdiction. AC at 4. This court lacks subject matter jurisdiction to hear constitutional damage

**OPINION AND ORDER -6**

claims against the United States, because the BOP (through the United States) has not waived sovereign immunity. *Rivera v. United States*, 924 F.2d 948, 951 (9th Cir. 1991).

In light of the absence of jurisdictional grounds for plaintiff's claim for violations of "disability rights," therefore, that claim must be dismissed. Defendants' summary judgment motion as to that claim is granted.

### 2. Count Two: Due process rights

Plaintiff's second claim alleges that defendant BOP deliberately failed to train employees, resulting in the deprivation of plaintiff's "due process discovery rights by the Inmate Accident Compensation System" when he attempted to obtain discovery. AC at 4. Plaintiff asserts that defendants owed him a "duty of care as a workers compensation claimant to honor [his] repeated requests for discovery in workers compensation claim proceedings." *Id*.

Defendants respond that plaintiff's claims in this regard were untimely, and that plaintiff was afforded due process throughout the multiple levels of administrative review provided to him despite the untimeliness of his claims. This court agrees. Plaintiff's allegations in support of this second count assert that defendants violated a "duty of care" owed to plaintiff when plaintiff's discovery requests were not "honored." AC at 4. There is no factual dispute that extensive administrative reviews were provided to plaintiff for his claims, and that these reviews revealed that there was a lack of documentation to support plaintiff's allegations. This absence of evidence is not tantamount to due process violations, or a finding that defendants "failed to honor" plaintiff's discovery requests. Instead, the record supports the conclusion that plaintiff's claims remain unsubstantiated. Defendants are entitled to summary judgment.

**OPINION AND ORDER -7**

      3.      **Count Three: Privacy Act**

Plaintiff's third claim alleges that defendant BOP deliberately failed to train employees "on the Privacy Acts requirement to keep accurate information on inmates." AC at 5. This aspect of plaintiff's Amended Complaint focuses upon the alleged failures by BOP custodians to correct inaccuracies in plaintiff's inmate files. As part of the relief sought, plaintiff requests that defendants return the body of former inmate Frank Reynolds from North Carolina, and provide headstones for the graves of Reynolds, Foster Konx, and Tom Yeoman. AC at 7.

The Privacy Act, 5 U.S.C. § 552a(g)(1)(C), is violated "when a plaintiff shows 1) that the government failed to fulfill its record keeping obligation, 2) which failure proximately caused the adverse determination, 3) that the agency failed intentionally or willfully to maintain the records, and 4) that the plaintiff suffered actual damages." *Rose v. United States*, 905 F.2d 1257, 1259 (9th Cir. 1990) (citing *Johnston v. Horne*, 875 F.2d 1415, 1422 (9th Cir. 1989)).

Assuming without deciding that plaintiff advances a claim that can be construed as falling outside the scope of the exclusive remedies provided to him for these circumstances by the Inmate Accident Compensation Act, that claim fails. Plaintiff makes no showing supported by any evidence that defendants intentionally failed to maintain accurate records, or that this alleged failure resulted in actual damages suffered by plaintiff. Defendants are granted summary judgment as to this claim.

      4.      **Count Four: Negligence and medical malpractice**

Plaintiff's fourth claim alleges that defendant BOP deliberately failed to train employees regarding the requisite standards of care owed to inmates with serious medical needs. AC at 7.

**OPINION AND ORDER -8**

These allegations arise from plaintiff's "severe damage attributable to the on the job injury" suffered while incarcerated. Such claims must be addressed by exclusive remedies provided to plaintiff by the Inmate Accident Compensation Act. Federal prisoners, as noted above, cannot recover for work-related injuries except pursuant to that Act. Recovery is barred under the Federal Tort Claims Act for the work-related injury itself, and for the negligent treatment of that injury. *Vander v. U.S. Dept. of Justice*, 268 F.3d 661 (9th Cir. 2001). Accordingly, defendants are granted summary judgment as to this aspect of plaintiff's claims, as well.

**CONCLUSION**

Plaintiff's Amended Complaint presents no claims for which a valid cause of action may be sustained. Accordingly, plaintiff's Motion for Summary Judgment [48] is denied, and defendants' Motion for Summary Judgment [50] is granted. This court is mindful that dismissal of a *pro se* complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment. *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) (quotation omitted). This court concludes that any attempt to amend would be futile in this case. No amendment would cure plaintiff's inability to cure the untimeliness of his Inmate Accident Compensation Act claim, or avoid the exclusive nature of that Act's remedies for the harms alleged in this case.

IT IS SO ORDERED.

DATED this  18  day of January, 2011.

                                                    /s/ Ancer L. Haggerty
                                                     Ancer L. Haggerty
                                         United States District Judge

**OPINION AND ORDER -9**