UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

LARRY DALE JOHNSON,

      Plaintiff,

      v.

FEDERAL BUREAU OF PRISONS,
*et al.*,

      Defendants.

Civil No. 08-6017-HA

ORDER

HAGGERTY, District Judge:

On January 18, 2011 this court dismissed an Amended Complaint filed by Larry Dale Johnson (plaintiff). Plaintiff filed a Motion for Reconsideration [65] on February 23, 2011, and subsequently has filed a Motion "for Sanctions with ending motion" [68], and a Motion for a Temporary Restraining Order [70]. This Opinion and Order resolves these motions.

**STANDARDS AND ANALYSIS**

This court may reconsider its January 18, 2011, dismissal under Federal Rule of Civil Procedure 59(e) as a motion to alter or amend judgment, or under Federal Rule 60(b) as relief from a judgment. *School Dist. No. IJ, Multnomah County, Or., v. A C and S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993).

Under Federal Rule 59(e), the court may reconsider a prior ruling if: (1) newly discovered evidence is presented; (2) this court committed clear error or the decision was unjust; (3) there is an intervening change in the law; or (4) other exceptional circumstances warrant reconsideration.

**ORDER -- 1**

*Id*. at 1263.  This court construes plaintiff's motion as timely under this Rule, but finds no basis for Rule 59(e) reconsideration.  No new evidence is presented, and there is no plausible showing of clear error, injustice, an intervening change in the law, or of circumstances that warrant reconsideration.

Under Federal Rule 60(b), a court may relieve a party from judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud or other misconduct; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief from operation of judgment.  *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985).  Relief under Rule 60(b)(6) requires a finding of extraordinary circumstances.  *Id*. at 1388.

Relief under Rule 60(b) "has been used sparingly as an equitable remedy to prevent manifest injustice."  *See United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993).  To obtain relief under Rule 60(b)(6), a moving party must show that he or she suffered an injury as a result of the judgment from which he seeks relief, and that circumstances beyond his or her control precluded taking timely action to protect his or her interests.  *Id*.

Plaintiff fails to present extraordinary circumstances beyond his control that prevented him from timely asserting the challenges he presents now.  Information which a party could have put forth prior to the underlying judgment but chose not to raise does not warrant relief under Rule 60(b)(6).  *See Schanen v. United States Dep't of Justice*, 762 F.2d 805, 807-08 (9th Cir. 1985), *reaff'd as modified*, 798 F.2d 348 (9th Cir. 1986) (new arguments which a party could have raised prior to entry of the underlying judgment do not warrant relief under Rule 60(b)(6)).

**ORDER -- 2**

Accordingly, plaintiff's Motion for Reconsideration [65] must be denied. Plaintiff also seeks sanctions [68] and a Temporary Restraining Order [70]. These motions are moot and improperly asserted in an action that was closed pursuant to a Judgment issued on January 18, 2011. There being no basis to reconsider re-opening this case, these motions must be denied and asserted, if plaintiff chooses, in a new action or in his actively pending case in this court.

This court has reviewed the request for sanctions. Even if this motion were properly before the court, the court would deny the request as lacking merit. A motion seeking a temporary restraining order that is substantially similar to the motion improperly presented here is pending before another Judge in another action brought by plaintiff. Accordingly, this court refrains from commenting on that motion's merits.

## **CONCLUSION**

Plaintiff's motion seeking reconsideration [65] is denied. Plaintiff's subsequent Motions "for Sanctions with ending motion" [68] and for a Temporary Restraining Order [70] are denied as improperly filed in a closed case. This case remains closed.

IT IS SO ORDERED.

DATED this __14__ day of April, 2011.

       /s/   Ancer L. Haggerty
      Ancer L. Haggerty
     United States District Judge

ORDER -- 3